UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: JPMORGAN CHASE & CO. ) <br> SHAREHOLDER DERIVATIVE ) <br> LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> ) <br> ALL ACTIONS ) <br> ) <br> ) | Master File No. 08 Civ. 974 (DLC) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION
TO DISQUALIFY ROBERT L. GARBER AS PLAINTIFF
AND DISMISS THIS DERIVATIVE ACTION**

Sharon L. Nelles (SN-3144)
Gerald L. Black, Jr. (GB-7998)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel: (212) 558-4000
Fax: (212) 558-3588

*Attorneys for Defendants*

August 29, 2008

## **TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................................1

    A.   Garber Still Has Not Explained the Role of Yates in This Litigation. ........2

    B.   Garber Does Not Become Adequate by Virtue of an Appearance by
          Whatley Drake & Kallas, LLC............................................................4

CONCLUSION..................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cohen* v. *Bloch*,
   507 F. Supp. 321 (S.D.N.Y. 1980).......................................................................................2

*Rogosin* v. *Steadman*,
   71 F.R.D. 514 (S.D.N.Y. 1976) ..........................................................................................3

*Spira* v. *Nick*,
   No. 94 Civ. 7066 (LAK), 1997 WL 793052 (S.D.N.Y. Dec. 29, 1997)............................4

*Sweet* v. *Bermingham*,
   65 F.R.D. 551 (S.D.N.Y. 1975) ..........................................................................................2

*Zamer* v. *Diliddo*,
   No. 97-CV-32S, 1999 WL 606731 (W.D.N.Y. Mar. 23, 1999) .........................................2

Defendants' motion is the direct result of Garber's own failure to satisfy this Court that he can fairly and adequately represent the interests of JPMorgan Chase & Co. ("JPMorgan Chase") and its shareholders in enforcing the corporation's claim as required by Rule 23.1, despite having been given ample opportunity. Garber's response is simply to ignore both the concerns that led to the Court's heightened inquiry and the salient facts uncovered at his deposition and, in essence, ask for a second chance.

It is not enough, however, for Garber to state now that he desires to prosecute vigorously this action or that he will do so going forward. If that were enough, every representative plaintiff would have a get-out-of-jail-free card to play when called out on his or her failure to be meaningfully involved in the prosecution of a litigation or to demonstrate a personal commitment to it. From the very beginning, Garber has failed to show that he will fairly and adequately represent the interests of JPMorgan Chase's shareholders. He should be disqualified from acting as a representative plaintiff and his case should be dismissed.

## ARGUMENT

Even now, despite the concerns raised by this Court, despite having sat for deposition, despite his counsel having withdrawn and new counsel having appeared, Garber has not addressed the fundamental matters underlying the instant motion and undermining his professed desire to prosecute this case: (1) he has abdicated his responsibilities to direct and supervise this litigation to his friend and sometime attorney, Alfred Yates; and (2) he has allowed the litigation to go forward without knowledge of key events and strategic decisions, including the multiple and identical complaints filed at initiation, James Shroff's motion to dismiss his identical complaint, and the Court's

inquiries regarding his counsel, Robbins Umeda.  Instead, he baldly asserts that he does desire to prosecute the case "vigorously" and then, in support, distinguishes his lack of involvement in this case from purportedly more egregious examples.  (Pl.'s Resp. Mem. at 7-9.)  In addition, he asserts that defendants have failed to establish that his new counsel Whatley Drake & Kallas, LLC ("Whatley Drake") — who appeared just three weeks ago when the counsel he (or Yates) chose to represent him in the first instance withdrew in the face of this motion — are "inadequate" and, therefore, he is adequate. (Pl.'s Resp. Mem. at 12.)  This is too little, too late.

"When a derivative plaintiff demonstrates to the court an intent and desire to vigorously prosecute the underlying corporate claim and when he has engaged competent counsel to assist in that endeavor . . . the representation requirement of Rule 23.1 has been met."  *Sweet* v. *Bermingham*, 65 F.R.D. 551, 554 (S.D.N.Y. 1975) (internal citations omitted); *see also Zamer* v. *Diliddo*, No. 97-CV-32S, 1999 WL 606731, at *3 (W.D.N.Y. Mar. 23, 1999); *Cohen* v. *Bloch*, 507 F. Supp. 321, 324 (S.D.N.Y. 1980).  The record is plain; Garber has done neither.

**A.    Garber Still Has Not Explained the Role of Yates in This Litigation.**

Despite submitting a declaration from Alfred Yates, Garber has yet to explain Yates' role in this litigation.  Yates' declaration and Garber's memorandum in opposition to the motion to dismiss repeatedly state that Yates "has had both an attorney-client relationship and friendship" with Garber and that he is not being compensated for his "participation in this litigation" — but nothing more.  (August 21, 2008 Declaration of Alfred G. Yates, Jr.; Pl.'s Resp. Mem. at 2, 10.)  None of Garber, Yates or his new counsel address Yates' involvement in the litigation, including whether Yates has acted

as counsel to Garber in this matter.[1]  The Court thus cannot conclude that Garber is actually, nevermind adequately, representing the interests of JPMorgan Chase's shareholders and is not a mere puppet for counsel and Yates.

        Garber suggests that his involvement in this litigation has been "significantly understate[d]" — seeking to distinguish himself from the plaintiff at issue in *Rogosin* v. *Steadman*, 71 F.R.D. 514 (S.D.N.Y. 1976).  (Pl.'s Resp. Mem. at 9.)  There is no distinction to be made.  In *Rogosin*, the representative plaintiff did not know that a lawsuit had been initiated on her behalf, and subsequently allowed the action to continue to be maintained according to the "will and desires" of her husband, who did not consult with her or explain matters regarding the lawsuit.  71 F.R.D. at 519.  Garber's knowledge that a lawsuit was being initiated on his behalf does not make him any less a puppet than the plaintiff in *Rogosin*.  Just like the plaintiff in *Rogosin*, Garber has not been meaningfully involved in the prosecution of this action.  It is Garber who now overstates both his involvement in and knowledge of the events in this litigation.  (*Compare* Pl.'s Resp. Mem. at 8-9 *with* Garber Tr. 10:14-22; 29:5-30:9; 35:16-36:21; 39:18-40:25; 88:22-89:9; 92:17-93:18; 97:3-100:21; 106:22-109:8.)

---

[1]    During his deposition, Garber testified repeatedly that Yates is not representing him in this matter.  (Garber Deposition Transcript ("Garber Tr.") 23:24-24:2; 37:15-17; 101:6-13.)  His counsel, however, instructed him multiple times not to answer questions relating to the substance of his communications with Yates on the basis of attorney-client privilege.  (Garber Tr. 100:22-101:3, 108:15-23; 109:9-13; 119:9-19.)  Yates' declaration only further obscures his role in this litigation, neither confirming nor denying that he is acting as counsel in this matter.

**B.    Garber Does Not Become Adequate by Virtue of an Appearance by Whatley Drake & Kallas, LLC.**

In his opposition, Garber suggests that any inquiry into the competency of his chosen counsel should be limited to Whatley Drake, his third counsel of record in this litigation filed less than seven months ago. Garber contends that because "they have withdrawn as counsel of record in this litigation," the conduct of Robbins Umeda and Lasky & Rifkind is "no longer relevant." (Pl.'s Resp. Mem. at 12.) Garber misses the point. The conduct of Robbins Umeda and Lasky & Rifkind is entirely relevant because it reflects directly on Garber, who allowed them to file this case in his name, act without his supervision and avoid the Court's inquiries. *See Spira* v. *Nick*, No. 94 Civ. 7066 (LAK), 1997 WL 793052, at *3 (S.D.N.Y. Dec. 29, 1997) ("[a]mong the most important considerations in determining adequacy of representation is the adequacy of the plaintiffs' legal representation"). The history of this litigation cannot be erased and ignored.

In any event, Whatley Drake's appearance has done nothing to improve Garber's situation. Presumably acutely aware of Robbins Umeda and Lasky & Rifkind's failures here and the consequences thereof, Whatley Drake nonetheless submitted a declaration that provides only the firm's resume and does not address such basic questions as how Garber selected Whatley Drake or whether counsel from Whatley Drake has met with Garber regarding his lawsuit. (Def.'s Mem. at 8.) In short, Garber has demonstrated a woeful lack of willingness to direct counsel, or even talk to them, and without this control his counsel have to date, failed to perform to the standards of this Court. New counsel or not, the Court should not allow this derivative action to go forward under the helm of Garber.

-4-

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the Memorandum of Law in Support of Defendants' Motion to Disqualify Robert L. Garber as Plaintiff and Dismiss This Derivative Action, Garber is not a fair and adequate representative for JPMorgan Chase and its shareholders in this litigation. Thus, this derivative action may not be maintained under Rule 23.1 of the Federal Rules of Civil Procedure and should be dismissed.

Dated:  New York, New York
        August 29, 2008

                                          Respectfully submitted,

                                        /s/ Sharon L. Nelles
                                        Sharon L. Nelles (SN-3144)
                                        Gerald L. Black, Jr. (GB-7998)
                                        SULLIVAN & CROMWELL LLP
                                        125 Broad Street
                                        New York, New York 10004-2498
                                        Tel:  (212) 558-4000
                                        Fax: (212) 558-3588

                                        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2008, a true copy of the Reply Memorandum in Further Support of Defendants' Motion To Disqualify Robert L. Garber as Plaintiff and Dismiss This Derivative Action was served by hand and via the Court's CM/ECF system upon the following:

Joe R. Whatley, Jr., Esq.
Deborah Clark-Weintraub, Esq.
Whatley Drake & Kallas, LLC
1540 Broadway, 37th Floor
New York, New York  10036


       /s/ Gerald L. Black, Jr.
      Gerald L. Black, Jr.